# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MARY GAIL SIMS,                )
                               )
        Plaintiff,     )
                               )
v.                             )     Case No. CIV-12-323-JHP-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
        Defendant.     )

## REPORT AND RECOMMENDATION

Plaintiff Mary Gail Sims (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act.  Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled.  For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on October 21, 1957 and was 53 years old at the time of the ALJ's decision.  Claimant completed her high school education and an office assistant program.  Claimant has worked in the past as an accounting clerk, payroll clerk, and personal care assistant.  Claimant alleges an inability to work beginning June 4, 2008 due to limitations resulting from arthritis, chronic diarrhea, back pain, bipolar disorder, generalized panic/anxiety disorder,

3

depression with paranoid features, and PTSD.

## Procedural History

On June 18, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On December 6, 2010, an administrative hearing was held before ALJ John W. Belcher in Tahlequah, Oklahoma. On December 27, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on June 19, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in reaching an improper and unsupported RFC.

4

**RFC Evaluation**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease of the lumbar and cervical spine, irritable bowel syndrome/diarrhea, nerve entrapment in the left elbow, carpal tunnel syndrome/right wrist, depression, and anxiety. (Tr. 16). The ALJ determined Claimant retained the RFC to perform light work. In so finding, the ALJ determined Claimant could lift/carry 20 pounds occasionally, 10 pounds frequently; push/pull limit consistent with lift/carry limit; stand/walk for four hours out of an eight hour workday; sit for six hours out of an eight hour workday; and occasionally climb, balance, bend, stoop, kneel, crouch, and crawl. The ALJ also found Claimant could do fine manipulation, fingering, handling, and feeling with bilateral hands and frequent use of foot controls with bilateral legs. Mentally, the ALJ found Claimant should only have superficial contact with co-workers and supervisors and no contact with the public. (Tr. 20). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of sewing machine operator and assembler worker and was, therefore, not disabled. (Tr. 23-24).

Claimant contends the ALJ erred by finding she could perform light work because his RFC finding included a restriction to only

4 hours of walking/standing in an 8 hour workday when the light exertional criteria requires that a claimant be able to stand/walk for 6 hours. Instead, Claimant asserts the ALJ should have found she could perform sedentary work which he stated on the record at the hearing that application of the grids would preclude sedentary work. (Tr. 536).

Defendant counters that the ALJ did not find Claimant could perform a full range of light work but rather dictated a limited range of light work. He then consulted with a vocational expert to conclude Claimant could perform certain limited light work – sewing machine jobs and assembly jobs – which would accommodate the restriction on standing/walking and other mental restrictions contained within the RFC. (Tr. 534-36).

Claimant's argument misunderstands the requirements of light work. Work is classified by physical exertion requirements: sedentary, light, medium, heavy, or very heavy; and the category is determined based upon the amount of physical exertion required in lifting, carrying, pushing, or pulling. 20 C.F.R. §§ 404.1567, 416.967. Also, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Soc. Sec. R. 83-10, 1983 WL 31251 at 5. The regulations define "sedentary work" as work which involves lifting

6

no more than ten pounds, and occasionally lifting or carrying articles like docket files, ledgers, and small tools; and which involves mostly sitting. 20 C.F.R. §§ 404.1567(a), 416.967(a); Soc. Sec. R. 83-10, 1983 WL 31251, 5. However, sedentary work often requires a certain amount of standing and walking, and a job is classified as sedentary "if walking and standing are required occasionally and other sedentary criteria are met." Id. "Occasionally" means from very little, up to one-third of the time. Soc. Sec. R. 83-10, 1983 WL 31251, 5. Therefore, a sedentary job is usually described as one which requires sitting about six hours in an eight-hour workday, and walking or standing no more than about two hours in an eight-hour workday. Id.

On the other hand, the regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing—the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work. Soc. Sec. R. 83-10, 1983 WL 31251, 5; see also, 20 C.F.R. §§

7

404.1567(b), 416.967(b) (defining "light work"). Although light work usually involves frequent standing and walking, it may involve sitting most of the time. Id. "To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b). Therefore, the full range of light work is usually described as work requiring the ability to sit, and stand and/or walk about six hours each in an eight-hour workday. 20 C.F.R. §§ 404.1567, 416.967; Soc. Sec. R. 83-10, 1983 WL 31251, 5-6. Applying these regulations, when a job requires up to twenty pounds of exertion occasionally, and up to ten pounds of exertion frequently, it will be classified as "light work" even if it does not require standing and/or walking as much as six hours in a workday, or even if it requires sitting more than two hours up to about six hours in a workday. The fact the job requires the lifting capacity of light work but not the standing/walking requirement of light work does not transform the job from "light work" to "sedentary work" - the physical exertion requirements determine the classification of the work. That neither sitting, standing, or walking alone is required for about six hours in a day is of no significance in this case. The ALJ did not find that Claimant was able to perform "the full range" of light work, but he

8

found Claimant is able to perform "a range of light work" which would allow him to stand/walk for four hours.

The ALJ fulfilled his obligation at step five by providing identical limitations in his hypothetical questioning of the vocational expert. Both the regulations and the vocational expert's testimony allows for the identification of jobs which while meeting the lifting/carrying mandates for light work, also provide for something less than the standing/walking requirement when the ALJ finds Claimant can perform something less than the full range of an exertional level. This Court finds no inconsistency in the RFC assessed or in the ALJ's classification of an RFC for a range of light work. Consequently, Claimant's further argument that she would grid out of sedentary work if she were re-classified at that level is equally unavailing.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections,

with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of September, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE